PER CURIAM.
This proceeding by landowners in DeSoto Parish School District No. 2 was pending when we decided Howe v. DeSoto Parish School Board, 373 So.2d 248 (La.App. 2d Cir. 1979), writ denied, 375 So.2d 379 (La.1979).
There we validated the results of an election which authorized the school board to issue bonds and to impose a special tax.
After the Supreme Court denied writs in Howe, the demands of these plaintiffs were dismissed on an exception of no cause of action and an exception of res judicata under La.R.S. 13:5124, 5129. Plaintiffs appeal. We affirm.
Plaintiffs may have their day in court and may seek an injunction by specifically alleging facts that the school board has contracted to deliver general obligation bonds in a specific amount which will cause *296 the total bonded indebtedness (specific amount) to exceed 35 percent of the assessed valuation of taxable property in the taxing district as ascertained by the last assessment (specific amount) prior to the proposed date of delivery of the bonds, contrary to La.R.S. 39:562(D), as amended. To this extent the exception of res judicata was improperly sustained. Conclusions of law are not facts and may be disregarded in considering an exception of no cause of action.
Plaintiffs may not, after Howe, attack or enjoin the authority of the school board to either issue general obligation bonds or to impose the special tax in the specifics which were approved by the election validated in Howe. La.R.S. 13:5121 et seq. especially provide for expedient proceedings in suits affecting the issuance of general obligation bonds. C.C.P. Art. 934 does not apply.
Defendant’s demand for damages for frivolous appeal is denied. Judgment below dismissing plaintiffs’ action is affirmed at appellants’ cost.